JNK:am

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6039-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN REECH,

    Defendant.

_____/

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF PROBATION

The United States, by and through its undersigned counsel, hereby opposes Defendant's Motion For Early Termination of Probation, and states as follows:

1. On February 23, 2000, the defendant pled guilty to one count of violating Title 18, United States Code § 1301. On May 5, 2000, the defendant was sentenced to 30 months probation, and ordered to pay a fine of $2,000 and a $100 special assessment.

2. After completing 14 months of his 30 month period of probation the defendant now requests that his probation be terminated.

3. The defendant's motion wrongfully states that this case is the only contact the defendant has ever had with the criminal justice system. The defendant has a prior conviction in Maryland for presenting two worthless checks. In December 1992 the defendant was sentenced to three years probation. While on probation the defendant was under investigation for his role as the main salesperson in another telemarketing operation called Elite Marketing. In late 1994 through



mid-1995 the defendant used the alias "James Allen" in soliciting, mainly senior citizens, to join lottery clubs purportedly formed by Elite Marketing. The investigation was precipitated by numerous complaints against Elite Marketing. The complaints included one from an elderly victim who claimed that the victim had been guaranteed lottery winnings.

4. The defendant went on to work at Deluxe Marketing through December 1997 which also solicited elderly individuals and had numerous complaints filed against it. The defendant was a top salesman and was a sales manager. His current conviction relates to his involvement with Deluxe. Thus, the defendant worked in telemarketing operations for three years in which there were numerous allegations of fraud.

5. According to the probation officer, while on probation there was also a discrepancy in the filing of the defendant's tax return for this past year. The defendant's income on the financial reports filed with the probation office did not match the income on the defendant's tax return.

6. At the time of sentencing the defendant was involved in the real estate business and was in the process of moving to California with his boss who was present at sentencing. Apparently that venture fell through and now the defendant is working as a tennis pro.

7. Neither the defendant's motion nor the letter attached to the motion states why this new position as a tennis pro cannot be done by a person on probation. If the concern is it involves some travel then the defendant can seek permission to travel.

8. The government believes that the defendant needs to remain on probation for the entire 30 month period, among other reasons, in order to ensure that the defendant does not return to the lure of working in a fraudulent telemarketing business.

2

9. For the foregoing reasons, the defendant's motion for early termination of his probation should be denied.

                                 Respectfully submitted,

                                 GUY A. LEWIS
                                 UNITED STATES ATTORNEY

By: _____
       JEFFREY N. KAPLAN
       ASSISTANT UNITED STATES ATTORNEY
       Court I.D. No. A5500030
       500 E. Broward Blvd., Suite 700
       Ft. Lauderdale, FL 33394
       Telephone: (954) 356-7255, Ext. 3515
       Facsimile:  (954) 356-7336
       E-Mail: Jeffrey.Kaplan@usdoj.gov

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy fo the foregoing was mailed this _16th_ day of July, 2001 to Jeffrey M. Voluck, Esq., Courthouse Square, Suite 201, 200 SE Sixth Street, Ft. Lauderdale, FL 33301.

_____
JEFFREY N. KAPLAN
ASSISTANT UNITED STATES ATTORNEY

3